**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANNIE CHANG, *Individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>-against-<br><br>NEUMORA THERAPEUTICS INC., et al.,<br><br>Defendants. | **ORDER**<br><br>25-CV-1072 (JPC) (JW) |

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Before the Court is Plaintiff Victor Otcheretko's ("Otcheretko") unopposed motions for appointment of lead plaintiff and appointment of lead counsel. For the following reasons, Otcheretko's motions are **GRANTED**. The Court appoints Victor Othceretko as lead plaintiff and Saxena White P.A. ("Saxena White") as lead counsel.

**BACKGROUND**

On February 7, 2025, Plaintiff Annie Chang ("Chang") filed a class action lawsuit under the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), against Neumora Therapeutics Inc. ("Nuemora"), several executive officers, and underwriters of the IPO ("Defendants"). Nuemora is a clinical-stage biopharmaceutical company. Chang alleged that Defendants' Offering Documents failed to disclose and misrepresented significant material events, trends, and uncertainties regarding one of Neumora's

therapeutic clinical trials. As a result of "the precipitous decline in market value of the Company's common stock when the truth was disclosed, Plaintiff and other class members have suffered significant losses and damages." Dkt. No. 5 at 7.

On April 7, 2025, Deganit Barak ("Barak") and D & D SF ("D&D") moved the Court for an Order appointing them as lead plaintiffs and approving Levi & Korsinsky, LLP as lead counsel for the class. Dkt. No. 25. On the same date, Otcheretko moved the Court for an Order appointing him as lead plaintiff and Saxena White as lead counsel for the Class. Dkt. No. 28. On April 10, 2025, Barak and D&D filed a notice of non-opposition to Otcheretko's competing motion, stating "it appears that, while Movants are well-qualified to serve as Lead Plaintiffs in the Action, they do not possess the 'largest financial interest in relief sought by the class' as required by the PSLRA." Dkt. No. 37 at 2.

## DISCUSSION

### I. Lead Plaintiff

#### A. The "Most Adequate Plaintiff"

Under the PSLRA, there exists a presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "The PSLRA creates a rebuttable presumption that the [most adequate] plaintiff should be the plaintiff who (a) has either filed a complaint or [timely] moved for lead plaintiff status; (b) has the largest financial interest in the relief sought; and (c) otherwise satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23." Goldenberg v. NeoGenomics, Inc., No. 22 Civ.

10314 (JHR), 2023 WL 6389101, at *2 (S.D.N.Y. Oct. 2, 2023) (internal quotation marks and citation omitted); 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 1. The Filing Requirement

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) requires a presumptive "most adequate plaintiff" to have "either filed the complaint or made a motion in response to a notice under subparagraph (A)(i)." In other words, a presumptive "most adequate plaintiff" must have done one of two things. They may have either filed a complaint and, within 20 days of the filing of the complaint, published notice advertising the case in a widely circulated national business-oriented publication or wire service, or they moved to be the lead plaintiff within 60 days of receiving that notice. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa); 15 U.S.C. § 78u-4(a)(3)(A)(i).

Otcheretko complied with the notice requirement. Notice was published on February 6, 2025 and Otcheretko moved to appoint himself to serve as lead plaintiff on April 7, 2025, within the 60 day required window. Dkt. No. 28.

### 2. The Rule 23 Requirement

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) requires a presumptive "most adequate plaintiff" to "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Under Rule 23(a), a class must satisfy four criteria: numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a). However, only two of the criteria "directly address the personal characteristics of the class representative," typicality and adequacy. Goldenberg, 2023 WL 6389101, at *3 (quoting In re Fuwei Films Sec. Litig., No. 07-CV-9416 (RJS), 247 F.R.D. 432, 436 (S.D.N.Y. 2008)). For

this requirement, only a "preliminary showing of typicality and adequacy is required." Id. (quoting Gronich v. Omega Healthcare Invs., Inc., No. 17 Civ. 8983 (NRB), 2018 WL 1626078, at *3 (S.D.N.Y. Mar. 27, 2018)).

Otcheretko meets the typicality requirement. Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Otcheretko's claims are typical of the other potential class members' claims, as he purchased Defendants' stock, like each member of the proposed class, at prices inflated by Defendants alleged misrepresentations and omissions in the Offering Documents and suffered losses as a result. Dkt. No. 28 at 8.

Ocheretko also meets the adequacy requirement. The adequacy requirement is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement is satisfied when: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation, (2) there is no conflict between the proposed lead plaintiff and the members of the class, and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." Goldenberg, 2023 WL 6389101, at *4 (citing Teran v. Subaye Inc., No. 11 Civ. 2614 (NRB) 2011 WL 4357362, at *5 (S.D.N.Y. Sept. 16, 2011)). Ocheretko's choice of counsel has substantial experience in securities litigation. Dkt. No. 28 at 10. There are no alleged conflicts between Ocheretko and the other members of the class. Id. at 9. Further, Ocheretko lost a significant amount

4

of money due to Defendants' alleged misconduct, so he has a sufficient interest in the outcome of the case. Id.

### 3. The "Largest Financial Interest" Requirement

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) requires a presumptive "most adequate plaintiff" to have the "largest financial interest in the relief sought by the class." Courts in this District "typically consider four factors, known as the *Lax/Olsten* factors, to evaluate financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." May v. Barclays PLC, No. 23 Civ. 2583 (LJL), 2023 WL 5950689, at *7 (citing In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1996)) (collecting cases). Losses suffered, the fourth factor, is generally considered "to be the most important factor." Id. It is undisputed that Otcheretko has the largest financial interest at this point. Dkt. No. 37 at 2. Otcheretko suffered a loss of $155,447.04, which Barak and D & D acknowledge surpasses their approximate financial loss of $113,687.75. Id.

## II. Rebuttal

The presumption of "most adequate plaintiff" can be rebutted "upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" will either "not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately

5

representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Otcheretko's motions are unopposed and, therefore, the Court need not discuss rebuttal.

### III. Appointment of Lead Counsel

Under the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel." Goldenberg, 2023 WL 6389101, at *6 (quoting Topping v. Deloitte Touche Tohmatsu CPA, No. 14 Civ. 2814 (ER), 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015)).  Otcheretko selected Saxena White as lead counsel. Dkt. No. 28 at 10.  Saxena White has substantial securities litigation experience, given the long list of case citations provided, and has "achieved substantial recoveries on behalf of investor classes when serving as lead counsel in securities class actions in this District and throughout the country." Id.  The Court concludes that Saxena White is qualified to serve as lead counsel and approves Otcheretko's selection of counsel.

## CONCLUSION

For the previously mentioned reasons, the Court orders the following:

1. Otcheretko's motion to be appointed as lead plaintiff is **GRANTED**. Otcheretko's motion for his counsel, Saxena White, to be appointed lead counsels is also **GRANTED.**

2. Barak and D&D's motion to be appointed lead plaintiff is **DENIED** as moot.

3. Otcheretko, now as lead plaintiff, is to confer with Defendants on a schedule for filing an amended complaint and responses thereto and file a proposed schedule with the Court.

**The Clerk of Court is respectfully requested to close Dkt. Nos. 25 and 28.**

SO ORDERED.

DATED:   New York, New York
         November 19, 2025

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge